UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SHULTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE, ET AL,<br><br>　　　　Defendants. | Case No. 1:22-cv-00507-JLT-HBK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>May 26, 2023, DEADLINE |

Plaintiff, Susan Shultz, who is proceeding pro se and *in forma pauperis* initiated this action on April 29, 2022, by filing a form "Complaint for Violation of Civil Rights." (Doc. No. 1, "Complaint"). Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.      Screening Requirement**

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.     Summary of Complaint**

The Complaint names the following Defendants: (1) The Department of Justice, Civil Rights Division, Washington D.C., (2) The Department of Fair Employment & Housing, Bakersfield, (3) Joshua Shotwell, Kern County Sheriff Department, and (4) Kern County Office

of Administration. (*Id*. at 2-3).[1] Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "State or local officials (a § 1983 claim). Plaintiff alleges her Fourteenth Amendment equal protection and due process rights were violated. (*Id*. at 3). The gravamen of the Complaint is that, on or about April 14, 2020, Plaintiff was "displaced by a government project" and not relocated. (*Id*. at 4). Plaintiff states she was denied housing under Cal. Gov. Code 7260.5. because she was not part of a "special protected group," which resulted in her being homeless. (*Id*.). Due to being homeless, she lost her job and was "accused of trespassing in an unsafe building." (*Id*. 4-5). As result, Plaintiff lost her personal property, her livelihood and "good standing." (*Id*. at 5). Plaintiff seeks various forms of nonmonetary relief, including, *inter alia*, restoration of her "public good standing" and "rights of citizenship . . . recognized as worthy of protection under the law," equal treatment despite not being in a "special group," and to not be ignored by the government. (*Id*. at 6-7).

### III.   Analysis

The Court liberally construes the Complaint as attempting to state a claim under the Fair Housing (the "Act"). Generally, the Act "bars discriminatory housing policies and practices" based on "certain protected characteristics or traits." *SW. Fair Housing Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 955 (9th Cir. 2021). The Act provides a private right of action for an 'aggrieved person' subjected to 'an alleged discriminatory housing practice,' 42 U.S.C. § 3613(a)(1)(A), including a practice that violates § 3604." *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013). Among other things, the Act makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a).

To state a claim for discrimination under § 3604(a), a party must allege that (1) they are a member of protected class; (2) they were denied the sale or rent of a dwelling after making a bona fide offer, was refused negotiations concerning the sale or rental of a dwelling, or that a dwelling

---

[1] The Court refers to the CMECF page numbers of the Complaint. In this case, the CMECF page numbers correspond to the same page numbers on the Complaint.

3

was otherwise made unavailable or denied to plaintiff; and (3) plaintiff's protected class was a motivating factor for the discriminatory conduct. *See Shultz v. Kern Cnty.*, No. 2:22-CV-00397-KJM-AC (PS), 2022 WL 658140, at *2 (E.D. Cal. Mar. 4, 2022) (offering similar formulation of prima facie case for claims brought under § 3604(b)); *see also SW. Fair Housing Council, Inc.*, 17 F.4th at 972 (noting that "allegations that discrimination was a motivating factor behind a defendant's actions are essential to plead a disparate-treatment claim"); *Thomas v. San Francisco Housing Auth.*, No. 3:16-CV-03819-CRB, 2017 WL 878064, at *4 n.6 (N.D. Cal. Mar. 6, 2017) (noting that prima facie elements of fair housing claim must be pled).

As noted above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Ninth Circuit has concluded that, "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Here, the Complaint falls within "[o]ne well-known type of violation" of Rule 8, the "pleading says *too little*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original).

While Plaintiff complains in her Complaint that she was displaced, the Complaint does not state prima facie claim under the Fair Housing Act.  Further the Complaint contains no factual allegations to give any Defendant fair notice of what any Defendant did to violate Plaintiff's rights.  Without knowing what facts support Plaintiff's claims, a Defendant cannot effectively respond to the Complaint.  As currently pled, the Complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendant is liable for any misconduct to sustain a federal violation under the Fair Housing Act. *Iqbal*, 556 U.S. at 678.  For these reasons, Plaintiff's Complaint does not comply with the requirements of Rule 8(a)(2).

Further *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403, U.S. 388 (1971) does not provide a remedy for a violation of civil rights by federal actors for this action.  Thus, no action can be stated against the United States Department of Justice.

Further, to the extent Plaintiff attempts to assert a claim under Cal. Gov. Code 7260.5, Plaintiff is informed that Cal.Gov. Code 7260.5 provides in relevant part, "b) This chapter establishes a uniform policy for the fair and equitable treatment of persons displaced as a direct result of programs or projects undertaken by a public entity." Cal.Gov. Code 7260.5(b). The California Relocation Assistance Act represents a "legislative recognition of the need to compensate for certain business losses which occur as a result of a condemnation action." *Los Angeles Unified Sch. Dist. v. Casasola*, 187 Cal. App. 4th 189, 204, 114 Cal. Rptr. 3d 318, 328 (2010) ("the only judicial remedy lies in petitioning the superior court for relief in administrative mandamus ..."). Thus, the cited Government Code section does not authorize a private cause of action in federal court.

### IV.  Conclusion and Options

To continue the prosecution of this action, Plaintiff must take one of the following three options on or before May 26, 2023. **First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. Fed. R. Civ. P. 15(a)(2); Lopez *v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should title "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury. Plaintiff may not change the nature of this suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **Second Option**: Plaintiff may file a Notice stating she intends to stand on her current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. **Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options,

the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action.

Accordingly, it is **ORDERED**:

1. **On or before May 26, 2023**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that Plaintiff intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss this action for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:   April 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE